James E. ROBERTS, Plaintiff,

v.

CHARTER NATIONAL LIFE INSURANCE COMPANY, a Missouri Corporation, Leucadia National Corporation, a New York corporation, and Joseph S. Steinberg, Defendants.

No. 84–297–Civ.

United States District Court, S.D. Florida.

Oct. 17, 1986.

Thomas Meeks, Floyd Pearson Richman Greer Weil Zack & Brumbaugh, P.A., Homer L. Marlow, Marlow Shofi Connell De-Mahy Valerius Abrams Lowe & Adler, Miami, Fla., for plaintiff.

Robert C. Grandy, Katz Barron Squitero & Faust, Miami, Fla., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO TAX COSTS

JAMES LAWRENCE KING, Chief Judge.

This cause is before the Court upon the plaintiff's, James E. Roberts ("Roberts"), motion to tax costs against the defendant Charter National Life Insurance Company ("Charter National").

In his list of taxable costs, ROBERTS seeks reimbursement for the following categories of costs:

1) expert witness fees,

2) photocopies,

3) deposition, hearing, and trial transcripts,

4) computer legal research,

5) expenses for out-of-state witnesses traveling to Miami, and

6) miscellaneous costs.

On September 3, 1986, this Court held a hearing on Roberts' motions for equitable relief and to tax costs. This Court allowed

categories 3, 5, and 6 of the motion to tax costs, took under advisement categories 1 and 4, and encouraged the parties to reach a settlement as to category 2.

Except when expressly provided for by statute, the court may, in its discretion, award costs to the prevailing party. Fed. R.Civ.P. 54(d). Roberts urges this Court to supplement the applicable statutory provision through the use of its equity powers. Such supplementation, however, should only be done sparingly or in exceptional circumstances. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *Kaiser Indus. Corp. v. McLough Steel Corp.*, 50 F.R.D. 5 (E.D. Mich.1970). When costs are sought for items not specifically provided for by statute, the application should be submitted to the court prior to trial. *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128 (5th Cir.1983).

Title 28 U.S.C. § 1920 expressly provides that the following items may be taxed as costs:

1) Fees of the clerk and marshall;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### Category 1: Expert Witness Fees

Roberts argues that this Court has equitable discretion to award expert witness fees to a prevailing party as costs when the expert's testimony is indispensible to a de-

termination of the case. *Worley v. Massey-Ferguson, Inc.*, 79 F.R.D. 534, 540 (N.D.Miss.1978). While admitting that the Eleventh Circuit prohibits the taxation of expert witness fees under 28 U.S.C. § 1821, Roberts attempts to distinguish the taxation of fees in this case as being pursuant to 28 U.S.C. § 1920. It is uncontroverted, however, that § 1821 governs the amount payable as witness fees. J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.77[5.–1] (2d ed. 1986); *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855 (7th Cir.1981).

Although Roberts is correct in citing *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981) for the proposition that expert witness fees may be awarded in civil rights cases, his assertion that "[t]his does not preclude an award in other types of cases" ignores the general rule and the limited exception for civil rights cases set forth in *Jones v. Diamond*. As the Eleventh Circuit has repeatedly made clear, "expert witness fees cannot be assessed in excess of witness fees provided in § 1821." *Kivi v. Nationwide Mutual Insurance Company*, 695 F.2d 1285, 1289 (11th Cir.1983); *Loughan v. Firestone Tire & Rubber Company*, 749 F.2d 1519 (11th Cir.1985).

In *Loughan*, a tire mechanic brought an unsuccessful products liability diversity action against a tire manufacturer to recover for his injuries sustained while mounting a multipiece rim-wheel assembly. Affirming this Court's denial of the manufacturer's request for $34,579.61 in expert witness fees, the Eleventh Circuit relied on *Kivi* and found the request to be without merit. *Id.* at 1526. Roberts' assertion that the district court has discretion to go beyond the statutory per diem limitations in the exercise of its equity powers and to award expert witness fees is without merit.

### Category 4: Computer Legal Research

In support of his proposition that computerized legal research may be taxed as costs, Roberts cites [1] *Wehr v. Burroughs*

---

1. In his initial memorandum in support of the

bill for costs, Roberts stated he was "not aware

*Corporation,* 619 F.2d 267 (3d Cir.1980); *Pitchford Scientific Instruments Corporation v. Pepi, Inc.,* 440 F.Supp. 1175 (W.D.Pa.1977), *aff'd mem.,* 582 F.2d 1275 (3d Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979); and *O'Donnell v. Georgia Osteopathic Hospital, Inc.,* 99 F.R.D. 578 (N.D.Ga.1983). This Court agrees with Circuit Judge Aldisert's statement in *Wehr* that "[u]se of computer-aided legal research such as LEXIS, or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice." *Wehr,* 619 F.2d at 285. The question in this case, however, is whether $6,383.56 in LEXIS fees is properly taxable as costs under 28 U.S.C. § 1920.

"Computer research is generally treated as a lawyer's cost and not taxable as ordinary costs, though it may be allowed in cases in which a prevailing party is entitled to attorney's fees or full costs." J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.77[8] (2d ed. 1986) (footnotes omitted). The cases which Roberts cites clearly fall within the latter type of cases. Additionally, several courts in this latter type of case have held that computerized legal research fees are a component of attorney's fees rather than costs. *See Leftwich v. Harris-Stowe State College,* 702 F.2d 686, 695 (8th Cir.1983); *Babb v. Sun Company, Inc.,* 562 F.Supp. 491, 495 (4th Div.Minn.1983); and *Dick v. Watonwan County,* 562 F.Supp. 1083, 1110 (4th Div.Minn.1983).

In *Pitchford,* computerized legal research fees were awarded as costs in a private antitrust case under the Clayton Act, 15 U.S.C. § 15. Like *Pitchford,* the court in *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 723 (N.D. Ill.1982) awarded these fees under the Clayton Act but stated that although § 1920 did not list the cost of computerized legal research as a taxable cost, the district court had, nevertheless, limited discretion

under Rule 54(d) to award as costs of suit expenses not specifically allowed by statute. The court, however, failed to mention that its discretion should only be exercised sparingly or in exceptional circumstances. This court also agrees with the court's statement in *Guinasso v. Pacific First Federal Savings and Loan Association,* 100 F.R.D. 264 (D.Or.1983) that "[t]he 'cost of suit' under 15 U.S.C. § 15 is a broader term than 'court costs' under 28 U.S.C. § 1920." (citing *Pitchford,* 440 F.Supp. at 1178). While computerized legal research fees may be allowable costs under the Clayton Act, the more prudent result under § 1920 would be to deny such costs as not specifically allowed by statute.

In both *Wehr* and *O'Donnell,* computerized legal research fees were awarded as costs in private actions for damages under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. However, the *O'Donnell* court's rationale for awarding such fees has been explicitly rejected twice. *See Friedlander v. Nims,* 583 F.Supp. 1087, 1089 (N.D.Ga.1984); *Fressell v. AT & T Technologies, Inc.,* 103 F.R.D. 111, 113 (N.D.Ga.1984). Both *Friedlander* and *Fressell* found that computerized legal research fees were attorney's fees rather than recoverable costs under § 1920. Additionally, the *Wehr* court focused on the reasonableness of the use of computerized legal research rather than the characterization of such fees as attorney's fees or costs.

■ While agreeing with Roberts' proposition that computerized legal research fees may be taxed as costs pursuant to some statutes, this Court finds that such fees are not taxable as costs under § 1920. *See Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer Authority,* 110 F.R.D. 78, 82–83 (D.P.R.1986); *Litton Systems, Inc. v. American Telephone and Telegraph Co.,* 613 F.Supp. 824, 836 (S.D.N.Y.1985);

of a case where LEXIS or WESTLAW expenses have been requested to be taxed as costs." Given Roberts' extensive use of computerized legal research and his subsequent inability to cite

more than three cases, this Court notes that its research was done without the aid of LEXIS or WESTLAW.

*Fressell,* 103 F.R.D. at 112–115; *Friedlander,* 583 F.Supp. at 1088–89; *Wolfe v. Wolfe,* 570 F.Supp. 826, 828 (D.S.C.1983); *Guinasso,* 100 F.R.D. at 265; and *U.S. v. Bedford Associates,* 548 F.Supp. 748, 753 (S.D.N.Y.1982).

### *Category 2: Photocopies*

 Photocopying is considered a taxable cost pursuant to § 1920(4). J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.77[6] (2d ed. 1986). The test for taxable costs is whether the copies were necessarily obtained for use in the case. *Independence Tube Corp.,* 543 F.Supp. at 722–23. Copies made for the convenience of counsel are ordinarily not taxable costs. *Fressel,* 103 F.R.D. at 116.

Roberts' claim for photocopies totals $7,271.46. While he has previously stated that copies were charged at 15 cents per page for documents greater than 100 pages and 30 cents per page for documents less than 100 pages, Roberts has failed to include such cost breakdowns in his motion to tax costs. As to the reasonableness of such charges, this Court, in its discretion, finds that a cost of 15 cents per page is appropriate for all copies, regardless of their length. *See Wolfe,* 570 F.Supp. at 828. The court will defer ruling on the necessity of the fifteen listed expenses until Roberts submits a modified accounting of each listed expense which shall include 1) the number of pages for each expense and 2) a more detailed description of each expense regarding its "necessity".

Accordingly, it is

ORDERED and ADJUDGED that the plaintiff's motion to tax costs be, and the same is, GRANTED. The plaintiff, James E. Roberts is hereby awarded $7,386.90 in transcript fees, $2,386.33 in out-of-state witness fees, and $2,904.68 in miscellaneous costs for a total of $12,-677.91 for which let execution issue. The plaintiff's request for $37,803.77 in expert witness fees and $6,383.56 in computer legal research fees are both hereby disallowed. Furthermore, it is

ORDERED and ADJUDGED that the plaintiff shall submit his modified accounting for photocopy expenses or notice of settlement within 20 days from the date of this order.