William T. ALLEN, Plaintiff,

v.

William A. FREEMAN, et al., Defendants.

No. 86–10002–Civ.

United States District Court, S.D. Florida, Miami Division.

Aug. 12, 1988.

David Paul Horan, Key West, Fla., for plaintiff.

Julius F. Parker, Jr., Tallahassee, Fla., for defendants.

## ORDER

JAMES LAWRENCE KING, Chief Judge.

Before the court is plaintiff's motion for attorneys' fees and costs. Plaintiff prevailed on his claim for compensatory and punitive damages against two Monroe County police officers. Defendant, William A. Freeman, Sheriff of Monroe County was dismissed with prejudice. The court must determine the appropriate lodestar amount, that is, the reasonable hours multiplied by

the reasonable rate for those hours. Once that figure is established the court must determine whether a multiplier figure is appropriate. Finally, the court must treat separately the question of costs.

### I. The Lodestar Amount

The court first turns its attention to determining the appropriate number hours expended. The court follows the dictates of *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983) and *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir.1988). All unnecessary or redundant hours must be excluded from the amount claimed.

In the case at bar plaintiff's counsel has submitted affidavits in support of their motion for attorneys' fees wherein they incorporate the detailed billing sheets of the attorneys working on the case. Those billing sheets are detailed accounts of the hours worked, the date worked, and the nature of the work. Attorney Horan, is the managing partner of the firm David Paul Horan & Associates, P.A. located in Key West, Florida. Mr. Horan submits that he spent 328.4 hours on this case through the trial stage. Mr. Horan further submits that associates of the firm spent a total of 173.4 hours through the trial stage. Plaintiff further submits that the partner spent 15.8 hours on post trial motions and the associates 3.3 hours. The post trial motion practice is not subject to any enhancement. This court must determine in its discretion whether the time submitted is the amount required "to complete similar activities." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).

Defendant challenges this lodestar amount on three grounds. First, defendant argues that plaintiff had not filed affidavits in support of his motion. That challenge is now moot as plaintiff has filed supporting affidavits. Second, defendant claims that certain hours are duplicative between the two attorneys working on the case for plaintiff. Finally, defendant contends that the hours spent on claims which

ultimately proved unsuccessful should be deducted from the lodestar amount.

■ Defendant's second challenge, that certain hours are duplicative is unsupported in the record. Defendant points to two instances where both plaintiff attorneys, were together where potentially one attorney could have been at the deposition and calendar call. Without more the court finds those conclusory allegations insufficient to defeat the sworn testimony of the attorneys that they worked those hours and that those hours were necessary.

A court cannot piecemeal deduct hours expended, without some indication that the work was unreasonable. *Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1207 (11th Cir.1983). "There is nothing inherently unreasonable about a client having multiple attorneys," *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir.1988), so long as each attorney makes her contribution to the case.

The court does not find unreasonable two attorneys working extensively on a case, who both attend a deposition of plaintiff's treating physician. The day of calendar call, January 7, 1988, the plaintiff's counsels' logs reflect that both attorneys reviewed medical files at Miami Jackson Hospital. Upon review of plaintiff's detailed work logs, and given the complexities of some aspects of this case, the court finds the time spent reasonable.

■ Defendant's third attack on the hours submitted is that plaintiff's should deduct from the total hours, those hours which were spent on unsuccessful claims. In this case, all the claims were related. The allegations all arose out of the same transactions and occurences and involved 42 U.S.C. § 1983 claims. Although Sheriff Freeman was ultimately vindicated, the court does not find a cogent way to determine where to draw the line between the various claims. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained

by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).

Having determined that the plaintiff, as the prevailing party, has established with sufficient proof that the hours worked were reasonable, the court must now determine the appropriate hourly fee. The "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96, n. 11, 104 S.Ct. 1541, 1547, n. 11, 79 L.Ed. 2d 891 (1984)).

■ In support of an hourly fee, plaintiff has filed supporting affidavits of attorneys stating that the fee in this case should be within the $175.00–$250.00 hour range. Defendant has not contested plaintiff's assertion on this issue. The affidavits submitted take into account some of the *Johnson* factors including the skill involved, the preclusion of other employment, the customary fee, and the novelty and difficulty of the questions involved. *See Johnson*, 488 F.2d at 717–719. The court, therefore, finds that $200.00 for the partner's time and that $125.00 for the associate's time is applicable. The lodestar amount for the partner's time is $200.00 × 328.4 hours = $65,680.00. The lodestar amount for the associate's time is $125.00 × 173.4 hours = $21,675.00. The post-trial lodestar amount for the partner's time is $200.00 × 15.8 hours = $3160.00. The post-trial amount for the associate's time is $125.00 × 3.3 hours = $412.00.

### II. Adjustment of the Lodestar

■ The court, at this juncture, must determine whether an enhancement of the lodestar is appropriate. The overall result in this litigation was excellent. Plaintiff has successfully recovered $200,000 in compensatory damages and $10,000 in punitive damages for bringing this lawsuit. Moreover, plaintiff has been able to vindicate his constitutional rights which were violated. Even though the plaintiff did not prevail

against the Sheriff, the court, as expressed above, finds no reason to view plaintiff's suit as a partial victory, therefore, a reduction is inappropriate.

The court also finds that enhancement of the lodestar by 1.45 is appropriate. The results obtained in this instance were exceptional. The quality of representation was superior to that which the plaintiff could have expected to receive in light of the rates claimed. *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1549, 79 L.Ed. 2d 891 (1984). This is especially so when viewing the undesirability of suing the police in the relatively small community of Monroe County. Plaintiff' counsel risked taking this action in light of a real potential economic impact on his practice. *Johnson*, 488 F.2d at 719. Plaintiff's counsel acceptance of this case limited his small firm's ability to accept other employment. *Id.* at 718. Plaintiff's firm spent a substantial amount of time on this action which necessarily precluded the firm from taking non-contingent business.

Finally, plaintiff's counsel accepted this case on a contingent basis and there was a real risk of not prevailing in this lawsuit. *Pennsylvania v. Delaware Valley Citizens' Council*, —— U.S. ——, 107 S.Ct. 3078, 3089, 97 L.Ed.2d 585 (1987). This was especially so in this case with the hotly contested eleventh amendment issues concerning whether a county can be sued. The Supreme Court has addressed this issue limiting the amount of enhancement for the risk of non-payment to ⅓ of the lodestar amount. *Delaware Valley Citizens' Council*, 107 S.Ct. at 3089. The court, therefore, enhances the lodestar by 1.33 (⅓ of the lodestar amount) for the risk of not prevailing.

The court adds to the enhancement of 1.33 for the risk of not prevailing .12 (12% of the lodestar amount) for the other factors discussed above. This makes for an enhancement of 1.45 or 45% of the lodestar amount. The court finds, that without an enhancement of the lodestar amount, the bar will be reticent, if not unwillingly, to accept unpopular, complex civil rights cases. The exceptional results obtained in

this case warrant such an enhancement. The final figure for pre-trial and trial services is $87,355.00 (lodestar amount) $\times$ 1.45 (enhancement) = $126,664.75. The post-trial figure is not subject to enhancement and is $3572.00, for a total of $130,236.75.

### III. Costs

The court cannot determine at this time what costs are awardable. The plaintiff is directed to brief this court in accordance with the statutory authority for fees and costs. *See Northcross v. Board of Education of the Memphis City Schools,* 611 F.2d 624 (6th Cir.1979). Any services performed in preparation of said motion shall not be charged to the plaintiff.

ORDERED AND ADJUDGED that attorneys' fees under 42 U.S.C. § 1988 in the amount of 130,236.75 is hereby awarded. Interest is to run in accordance with 28 U.S.C. § 1961. IT IS FURTHER

ORDERED AND ADJUDGED that the plaintiff shall file his motion and memorandum in support of his application for costs, explaining any figures not readily understandable within 20 days from the date of this order. The court retains jurisdiction to determine the costs motion. Defendants shall respond to said motion within 15 days from service of said motion.