**William T. ALLEN, Plaintiff,**

v.

**William A. FREEMAN, et al., Defendants.**

**No. 86–10002–CIV–JLK.**

United States District Court, S.D. Florida.

Nov. 2, 1988.

David Paul Horan & Associates, Key West, Fla., for plaintiff.

Julius F. Parker, Jr., Parker, Skelding, McVoy & Labasky, Tallahassee, Fla., for defendants.

## ORDER GRANTING MOTION FOR COSTS

JAMES LAWRENCE KING, Chief Judge.

After the entry of final judgment and the issuance of an order granting attorney's fees, 694 F.Supp. 1554, the plaintiff has filed a motion for costs. None of the defendants opposed the motion. After reviewing the record, the court will award costs to the plaintiff in the amount of $1,780.38.

On April 27–28, 1988, the court conducted a bench trial in this matter. The court found for the plaintiff and awarded $200,-000. as compensatory damages and $10,-

000. in punitive damages. On August 12, 1988, the court awarded $130,236.75 to the plaintiff's attorney as attorney's fees. Plaintiff now seeks to recover the costs expended in the prosecution of this case under the dictates of 28 U.S.C. § 1920 and 42 U.S.C. § 1988.

Normally, an award of costs is relatively straightforward. Fed.R.Civ.P. 54(d) provides that a court shall tax costs in favor of the prevailing party. The particular costs that can be taxed are detailed in 28 U.S.C. § 1920.

■ In the civil rights context, however, a court should also consider the provisions of 42 U.S.C. § 1988. This section entitles the prevailing party in a civil rights case to attorneys' fees. That entitlement, however, is the only benefit this section allows. With respect to costs, civil rights plaintiffs are in the same posture as prevailing parties in any other type of case. *See Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Vecchione v. Wohlgemuth*, 481 F.Supp. 776 (E.D.Pa.1979). Moreover, awards of reasonable attorneys' fees under this section absorb most expenses that are distinct from either statutory costs or costs of the lawyer's time reflected in his billing hours. *See Heiar v. Crawford County, Wisconsin*, 746 F.2d 1190 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1950). The rationale behind this rule is that the award of attorneys' fees in a civil rights case should include reasonable out-of-pocket expenditures of the attorney beyond normal overhead. *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1191–92 (11th Cir. 1982). The costs normally included within the attorneys' fees award are postage, long distance calls, photocopying, travel, paralegals, and expert witnesses, *see Heiar*, 746 F.2d 1190, as well as computerized legal research, *see United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591–92 (D.R.I. 1983); *Levka v. City of Chicago*, 107 F.R. D. 230, 231 (N.D.Ill.1985). Accordingly, when a victorious civil rights plaintiff has been awarded attorneys' fees, that plaintiff becomes entitled only to recover the costs specifically allowed under 28 U.S.C. § 1920.

Because the court previously awarded $130,236.75 in attorneys' fees, the plaintiff now can only recover the costs specifically allowed under § 1920. With this in mind, the court now addresses the plaintiff's proposed costs.

■ The plaintiff first seeks to recover $425.44 for the costs of photocopying materials associated with this litigation. Photocopying is considered a taxable cost pursuant to 28 U.S.C. § 1920(4). *See Roberts v. Charter National Life Insurance Company*, 112 F.R.D. 411, 414 (S.D.Fla.1986). To be taxable costs, the copies must be necessarily obtained for use in the case. *Id.* Copies made for the convenience of counsel are ordinarily not taxable costs. *Id.*

■ For the office photocopying of discovery materials, research, pleadings, and memoranda of law, the plaintiff seeks $247.60. This amount reflects a total number of copies of 1,238 @ 20¢ per page. The court finds that these photocopies were necessary for the litigation, but believes, as it did in *Roberts*, that 15¢ per page is a more reasonable rate. Accordingly, the court after applying this rate will award costs in the amount of $185.70.

■ The balance of the photocopying expenditures concerns copies of official records. The plaintiff claims that he expended $86.40 copying the internal investigation documents of the Monroe County Sheriff's Department. The plaintiff further argues that he expended $71.44 for the photocopying of a federal court file in a somewhat related case, as well as $20.00 in photocopying the plaintiff's medical records. All of these expenditures were necessary for the maintenance of this action. The court therefore, adds these costs to the previous amount, and awards a total of $353.54 for the costs of photocopying.

■ The plaintiff next seeks to recover $114.91 for postage and Federal Express costs, and $2,073.00 for travel costs consisting of an airplane rental and landing fees. These expenditures are not specifically allowable under 28 U.S.C. § 1920. These

expenses are out-of-pocket expenditures by plaintiff's attorney, and are recoverable only in an award for attorney's fees, which this court has already granted. These costs will not be allowed.

■ Plaintiff next seeks to recover $894.84 as costs for the court reporters and $60.00 in docket fees. Costs for a court reporter are specifically recoverable under § 1920(2) and docket fees are recoverable under § 1920(5). Accordingly, the court will tax costs against the defendant in the amount of $894.84 for court reporter fees and $60.00 for docket fees.

■ The plaintiff next seeks to recover his fees for service of process. The plaintiff expended $412.00 in having various Florida Sheriff's Departments serve individuals throughout the state. These costs are specifically recoverable under 28 U.S.C. § 1920(1). The court, therefore, will tax costs against the defendant in the amount of $412.00 representing the service of process fees.

■ The plaintiff next seeks to recover the costs associated with his computerized legal research. Computerized legal research is generally treated as a lawyer's cost. *Roberts*, 112 F.R.D. at 413. As such, computerized legal research is not taxable as ordinary costs under 28 U.S.C. § 1920, but is generally included as an out of pocket expense in an attorneys' fees award. *Id.; accord Paul N. Howard Co. v. Puerto Rico Aquaduct and Sewer Authority*, 110 F.R.D. 78, 82–83 (D.P.R.1986); *Litton Systems, Inc. v. American Telephone & Telegraph Company*, 613 F.Supp. 824, 836 (S.D.N.Y.1985). Because the court has already issued such an award, the court will disallow the costs for computerized legal research, totalling $1,316.52.

■ Plaintiff also seeks to recover $20.00 as costs for research services. The plaintiff contends that his attorney utilized outside legal research services in preparing for this case. These costs are not taxable under 28 U.S.C. § 1920, and should specifically be considered by a court when awarding attorney's fees under 42 U.S.C. § 1988. This court has already awarded attorney's fees; therefore, the court will disallow the $20.00 costs for research services.

■ Lastly, plaintiff seeks reimbursement for witness fees. The plaintiff seeks $695.55 for lay witness fees and $400.00 for expert witness fees. Due to several limitations, the court can allow an award of only $120.00 as costs for the lay witness fee.

Expert witness fees are not taxable under 28 U.S.C. § 1920. *See Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Normally, expert witness fees are considered to be part of the award of attorney's fees under 42 U.S.C. § 1988. *See Heiar v. Crawford County, Wisconsin*, 746 F.2d 1190 (7th Cir.1984). The court, therefore, will disallow the $400.00 as costs for expert witness fees.

So called lay witness fees are recoverable under 28 U.S.C. § 1920(3). The witness fee itself is limited by statute. Title 28 U.S.C. § 1821(d) provides that witnesses may be paid an attendance fee of only $30.00 per day. The Supreme Court of the United States requires that this rule be strictly followed. *See Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The trial of this cause lasted two days. Accordingly, a witness fee of $60.00 will be taxed.

Consistent with the opinion, the court ORDERS AND ADJUDGES that the following costs are awarded:

1. Photocopies ................... $ 353.54
2. Fees of the court reporter ....... 894.84
3. Fees of clerk .................... 60.00
4. Fees for services of process .... 412.00
5. Fees for witnesses .............. 60.00

TOTAL ....... $1,780.38

All other costs are disallowed. Let execution issue.

DONE AND ORDERED.