**CAPPELETTI BROTHERS, INC., et al., Plaintiffs,**

v.

**BROWARD COUNTY, et al., Defendants.**

No. 90–6204–CIV.

United States District Court, S.D. Florida.

Jan. 15, 1991.

Henry Latimer and Anthony J. Carriuolo of Fine Jacobson Schwartz Nash Block & England, Fort Lauderdale, Fla., for defendants.

Herbert P. Schlanger, Atlanta, Ga., for plaintiffs.

ORDER

GONZALEZ, District Judge.

THIS CAUSE came before the Court upon the defendants' Motion To Tax Costs Against Plaintiffs and the defendants' Motion For Assessment of Attorney's Fees Against Plaintiffs Pursuant To 42 U.S.C. § 1988. The parties have briefed the motions fully and each motion is now ripe for adjudication.

I. Background

On June 28, 1990, the Court dismissed the plaintiffs' complaint with prejudice on justiciability grounds. On July 31, 1990, the Court entered judgment in favor of the defendants and awarded costs to the defendant as the prevailing party. The plaintiffs have appealed the judgment.

## II. Motions

In two separate motions, the defendants have moved the Court to tax costs and attorney's fees against the plaintiff. The defendants seek costs pursuant to Fed.R. Civ.P. 54(d), 28 U.S.C. § 1920, and 42 U.S.C. § 1988. The claim for attorney's fees is brought pursuant to 42 U.S.C. § 1988. The defendants also seek an evidentiary hearing on both matters. The Court will address each motion separately.

### A. Motion To Tax Costs

The defendants have moved to tax costs against the plaintiffs. The defendants have requested an award of costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, as well as under the civil rights attorney fee provision—42 U.S.C. § 1988. However, by referring to 42 U.S.C. § 1988 as a basis for obtaining costs, the defendants have confused the analysis slightly.

 With respect to *costs*, a prevailing party in a civil rights suit is in the same position as a prevailing party in any other type of action. *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D.Fla.1988) (King, C.J.). That party is entitled to costs under Fed.R. Civ.P. 54(d) but the recovery is limited to the specific costs allowed under 28 U.S.C. § 1920.

 Section 1988 of Title 42 does allow for an award of expenses beyond the recoverable statutory costs or the fees awarded to compensate for an attorney's time. However, those nonstatutory expenses are subsumed within the concept of a reasonable attorney's fee. *Allen*, 122 F.R.D. at 591. This practice effectuates the rule that an award of attorney's fees in a civil rights case should include reasonable out of pocket expenditures of the attorney beyond normal overhead. *Id.* These nonstatutory costs subsumed within the reasonable attorney's fee could include compensation for postage, long distance calls, photocopying, travel, paralegals, expert witnesses, and computerized legal research. However, contrary to what the defendant seems to be contending, these nonstatutory costs are only recoverable if the party is entitled to attorney's fees under 42 U.S.C. § 1988.

Hence, before awarding nonstatutory costs or expenses, the Court first should consider whether the defendant is entitled to attorney's fees under § 1988. If attorney's fees are recoverable, the determination of the proper amount to be awarded will include a consideration of the nonstatutory costs that may have been incurred.

For now, however, the consideration of the costs issue should be limited to the specific costs allowed under 28 U.S.C. § 1920. The analysis requires the Court simply to take the bill of costs found in Exhibit A of the motion and determine which costs qualify under § 1920. Upon inspection, it appears to the Court that the only two costs that might qualify are a $2,927.63 cost for "Duplication of Documents" and a $280 cost for "Telecopying costs." All the other costs do not qualify under § 1920 and the motion will be denied with respect to them.

 Returning to those costs that may qualify under § 1920, it is questionable whether "telecopying costs," more commonly referred to as fax costs, are recoverable under § 1920. *See Desisto College, Inc. v. Town of Howey–In–The–Hills*, 718 F.Supp. 906, 914 (M.D.Fla.1989), *aff'd*, 914 F.2d 267 (11th Cir.1990). However, even if they were, the skeleton bill of costs does not distinguish between those photocopying or telecopying costs that were incurred for use in the case and those which were made for the convenience of counsel. This distinction is important because copies made for the convenience of counsel are not taxable costs. *Allen*, 122 F.R.D. at 591. Consequently, because the Court cannot make the necessary distinction, it is impossible for the Court to tax costs at this time. As a result, the Court will deny the motion. The defendants may renew the application, only with respect to its photocopying and telecopying costs, if the renewed motion is accompanied by the necessary documentation demonstrating that the costs are within the realm of duplication costs recoverable under § 1920(4).

### B. Attorney's Fees Under § 1988

 The defendants also have moved for an award of attorney's fees pursuant to 42

U.S.C. § 1988. Section 1988 provides, in pertinent part,:

> In any action or proceeding to enforce ... § 1983 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

As the Court noted above, this award would include various expenses other than normal overhead.

A prevailing defendant is entitled to attorney's fees under § 1988 only if she can demonstrate that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (*quoting Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)). In *Sullivan v. School Bd. of Pinellas Co.*, 773 F.2d 1182, 1189 (11th Cir.1985), the Eleventh Circuit has announced that the following factors are important in determining whether a claim is frivolous or unreasonable: (1) Whether the plaintiff introduced any evidence to support the claim; (2) Whether the plaintiff established a prima facie case; (3) Whether the defendant offered to settle; and (4) Whether the trial court dismissed the case prior to trial or held a full blown trial on the merits. The *Sullivan* court went out of its way, however, to note that these factors are merely general guidelines, not hard and fast rules, and that each determination ultimately must be made on a case by case basis. *Id.* Irrespective of how the Court rules, the plain language of the statute makes it crystal clear that the determination rests well within the discretion of the Court. *See* 42 U.S.C. § 1988.

Upon consideration of the parties' arguments, the Court finds that an award of attorney's fees is not appropriate in this case. Notwithstanding the Court's dismissal of the cause, the plaintiffs' filing of this lawsuit was neither frivolous nor unreasonable. Consequently, the motion for attorney's fees will be denied.

Accordingly, having reviewed the motions and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The defendants' Motion To Tax Costs is DENIED. The defendants may renew the motion, only with respect to the photocopying or telecopying costs, if the renewed motion is accompanied by documentation demonstrating that the costs are recoverable under § 1920(4).

(2) The defendants' Motion To Assess Attorney's Fees is DENIED.

DONE and ORDERED.