The HERTZ CORP.

v.

Ernest Lee CAULFIELD, et al.

Civ. A. No. 89–4847 "I".

United States District Court,
E.D. Louisiana.

May 11, 1992.

Thomas Young, Turner, Young, Hebbler & Babin, New Orleans, La., for plaintiff.

Matthew Collins, Jr., John Suttles, Jr., Schafer & Schafer, New Orleans, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the Magistrate Judge's Report and Recommendation regarding the amount of attorney's fees to be awarded to the plaintiff, and the objections thereto of both the plaintiff, the Hertz Corporation ("Hertz"), and the defendant, Ernest Lee Caulfield ("Caulfield"). The Magistrate Judge decided the matter on the basis of the briefs submitted by the parties, without an evidentiary hearing, and this Court does the same.

Hertz seeks Ninety–Two Thousand Nine Hundred Eleven and 25/100 ($92,911.25) Dollars in attorney's fees billed by the firm Turner, Young, Hebbler & Babin together with Fifteen Thousand Five Hundred Twenty Five and 22/100 ($15,525.22) Dollars in expenses by the same firm. In addition, Hertz seeks Three Thousand Eighty–Seven and 80/100 ($3,087.80) Dollars in attorney's fees and expenses billed by the firm of Adams & Johnston.

The Court agrees with the Magistrate Judge's finding that counsel for Hertz did, in fact, spend the hours set forth in Plaintiff's Application for Award of Attorney's Fees and Costs in the representation of his client. The Court also finds that the hourly rate of $90.00 per hour for the services of an attorney, particularly in such a complicated matter, is reasonable.

The Magistrate Judge recommended a few reductions which were objected to by neither party. The Court adopts the Magistrate Judge's Report and Recommenda-

tions with respect to these issues. The reductions include:

(1) $354.00 for the services of court runners. This is properly considered an overhead item included in the attorney's hourly billing rate. This figure represents a deduction of 23.60 hours at the rate of $15.00 per hour.

(2) $5562.00 for trial attendance by attorney Coleman Organ. Because Mr. Organ did not handle any witnesses or argue at trial, the Magistrate Judge found the time billed for Organ's trial attendance duplicative. This figure represents 61.80 hours at the rate of $90.00 per hour. These hours refer to the charges for September 9, 10, 11, 12, 17, 19, and 20, 1991.

(3) $450.00 for services performed by an attorney which could have been performed by a member of the support staff. This figure represents 5.0 hours at the rate of $90.00 per hour.

(4) $801.00 for attorney time spent researching the issues of res judicata, potential libel exposure, and peremptory challenge of black jurors. These issues did not contribute to the result obtained by Hertz in this case. This figure represents 8.9 hours at the rate of $90.00 per hour. The hours refer to charges for May 2, 1990 and January 17, 1991.

This amounts to a total deduction of $7,167.00 from the amount of attorney's fees billed by the firm Turner, Young, Hebbler & Babin. The Court shall next address the parties objections to the remainder of the Magistrate Judge's Report and Recommendations.

## I. The Defendant's Objections

The defendant, Ernest Lee Caulfield, makes three sets of objections to the Magistrate Judge's report: (1) that the Magistrate Judge should have deleted 95.75 hours of paralegal time as overhead expenses; (2) that the Magistrate Judge should have deleted time spent by Hertz counsel, Thomas Young, in discussions with other attorneys; and (3) that the total amount of attorneys' fees should be reduced by one-half, because the same work

also benefitted the pending state court litigation.

### A. Paralegal Time

■ The defendant alleges that it was improper for the plaintiff to be awarded fees for paralegal time in addition to attorney time. The defendant asserts that paralegal costs are usually overhead items which are subsumed in the attorney's hourly fee. The Court agrees with the Magistrate Judge that the case law allows for the recovery of paralegal time at the relevant market rate. *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). In *Missouri v. Jenkins*, the Court noted:

> The attorney who bills separately for paralegals is merely distributing her costs and profit margin among the hourly fees of other members of her staff, rather than concentrating them in the fee she sets for her own time.

*Id.* at 287, n. 8, 109 S.Ct. at 2471 n. 8; *see also Associated Builders & Contractors, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Cir.1990).

The defendant asserts that, at a minimum, the plaintiff should not be entitled to recover for time the paralegal spent attending the entire trial, as such time was duplicative of the services of the attorney Thomas Young. The Court has already disallowed the fees attributable to attorney Coleman Organ's attendance at trial, as duplicative of Young's services. If Organ's attendance at trial was duplicative, the paralegal's attendance is duplicative as well. Of the 94.15 hours of paralegal time claimed by the plaintiff,[1] 42.5 hours is attributable to the paralegal's attendance at trial. However, the paralegal time for attendance at trial on September 9, 10, and 17, lists additional services provide by the paralegal.[2] The Court will allow a total of 4 hours of paralegal time for these services, and delete the remaining 38.5 hours of paralegal time attributable to trial attendance.[3]

In addition, the Court finds that the hourly rate of $50.00 per hour for the services of a paralegal is excessive; the Court will allow for paralegal services at the rate of $35.00 per hour. *See e.g., Jobete Music Co., Inc. v. Inn of Hammond, Inc.*, 1992 WL 69942 (E.D.La.). With respect to paralegal services, therefore, the attorney's fee award is reduced $2759.75.

### B. Time Spent by Trial Attorney in Consultation with Other Attorneys

■ The defendant also objects to compensation awarded for time spent by Young in consultation with other attorneys. The Magistrate Judge was satisfied that such time contributed to these proceedings, and the Court concurs. The Court also joins the Magistrate Judge in pointing out that only Young's time was billed for these discussions, not the time of the other attorneys. Thus, the Court finds that allowing compensation for time spent by Young in consultation with other attorneys is not excessive.

### C. Allocation of Attorney Time Between Federal and State Proceedings

■ Finally, Caulfield argues that the attorneys' fee award should be reduced because the attorneys' services also benefitted the pending state court litigation. The Court does not find that apportionment of the award between the two suits is necessary. The jury's damage award in this case represented the costs incurred by

---

1. The 94.15 hours refers to the claims for paralegal time based on the services rendered by paralegals at Turner, Young, Hebbler & Babin. An additional 1.6 hours of paralegal time was claimed on behalf of the firm Adams & Johnston. All fees attributable to Adams & Johnston were disallowed by the Magistrate Judge and the Court concurs. *See infra* Section II(A) of this opinion.

2. These services include phone calls to witnesses, notes to the file, and delivery video tapes. *See* Plaintiff's Application for Award of Costs and Attorney's Fees ("Plaintiff's Application"), Ex. I pp. 14–19.

3. This amount completely disallows the paralegal time for attendance at trial on September 11, 12, 19, and 20, and reduces the amounts sought for September 9, 10, and 17.

Hertz in defending against the suit filed by Caulfield in state court. The jury awarded a total of $135,841.96, of which $105,767.32 represents attorney's fees incurred in the *state court* proceeding.[4] (*See* Plaintiff's trial exhibit 105.) The Court is satisfied that the attorney's fees now sought by the plaintiff represent amounts incurred in this proceeding, and are distinct from the amount already awarded by the jury.

## II. The Plaintiff's Ojbections

The plaintiff also raises two objections to the Magistrate Judge's report: (1) that the Magistrate Judge should have awarded the requested fees paid to the firm, Adams & Johnston, for services it provided which benefitted this proceeding; and (2) that the plaintiff is entitled to all costs of this proceeding.

### A. Services of Adams & Johnston

■ The Magistrate Judge denied the requested fees for the services of Adams & Johnston noting that "[n]either these attorneys nor their client were part of the federal suit nor did they represent the interest of Hertz in any fashion." The plaintiff argues that the compensation sought for the services of Adams & Johnston accounts for services requested by counsel for Hertz, performed with Hertz's prior knowledge and consent, and paid for by Hertz. (*See* Plaintiff's Application, p. 2). The plaintiff avers that these services were performed in the capacity of associate counsel for Hertz, and were not performed in Adams & Johnston's capacity as counsel for the Fireman's Fund.

The Court notes, however, that many of the services billed by Adams & Johnston appear to have been related to that firm's representation of the Fireman's Fund. For example, on November 8, 1989, the firm lists a charge of $162.00 for "preparation

of report to Fireman's Fund on Civil Rico lawsuit and amended answer." (*See* Plaintiff's Application, Ex. J p. 2). The majority of the additional work performed by Adams & Johnston involved the issues of res judicata[5] and stay of the state court proceedings,[6] both of which would benefit Fireman's Fund in the state court suit. Accordingly, the Court finds that the Magistrate Judge was correct in refusing to award the plaintiff recovery for attorney's fees incurred by Adams & Johnston.

### B. Costs

■ The plaintiff also argues that it is entitled to recover all costs of these proceedings. The plaintiff claims a total of $15,525.22 in "costs" which include items properly included as statutory costs, and includes various other disbursements which would not qualify as statutory costs.[7] (*See* Plaintiff's Application, Ex. P.) The Court did not refer to the Magistrate Judge the determination of the costs of these proceedings, and the Magistrate Judge did not make any findings and recommendations regarding costs. The defendant has already submitted objections to the items of "costs" claimed by the plaintiff. Therefore, the Court will dispense with an additional hearing on "costs," statutory or otherwise, and determine the total amount of both attorney's fees and costs to which the plaintiff is entitled.

The plaintiff asserts that the costs which are allowable under the RICO statute are not the same as the "costs" ordinarily awarded under 28 U.S.C. § 1920 pursuant to Rule 54(d). The RICO statute specifically allows a prevailing civil RICO plaintiff to recover "the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). The Court finds that the plaintiff may recover as part of the attorney's

---

**4.** Plaintiff's trial exhibit # 105 lists $53,816.35 in attorney's fees attributable to the federal court proceedings from the date the claim was filed through August, 6 1991. This amount was not included in the jury award.

**5.** *See* Plaintiff's Application, Ex. L p. 2 charges for April 30, 1990; Ex. M p. 1 charges for February 21, 26, and 27, 1991.

**6.** *See* Plaintiff's Application, Ex. L p. 2, charges for May 1, 2, and 3, 1990.

**7.** "Statutory costs" refers to those costs which may be awarded to a prevailing party pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

fee, some expenses which are not included in the attorney's billing rate, and which are also not statutory costs.

The plaintiff has cited no authority which delineates the extent of the "costs" to which a RICO plaintiff may be entitled. In a slightly different context involving a RICO attorney's fees issue, however, the Fifth Circuit noted that "[w]e think it best to apply the rules we have fashioned for awarding attorney's fees in other areas of the law," and then applied rules developed in civil rights cases to a RICO case. *Abell v. Potomac Ins. Co.*, 858 F.2d 1104 (5th Cir.1988), *vacated on other grounds, Fryar v. Abell*, 492 U.S. 914, 109 S.Ct. 3236, 106 L.Ed.2d 584 (1989). Thus, civil rights attorneys' fees cases may be instructive in this matter.

The attorney's fee award in a civil rights case may include those expenses which are incorporated in neither the lawyer's billing hours nor the statutory costs. *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D.Fla. 1988). "All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders*, 919 F.2d at 380 (citations omitted).

The Court does not agree with Caulfield's interpretation of *Allen v. Freeman.* The court in *Allen* held only that particular expenses could not be recovered as statutory costs, because many of the "costs" sought by the plaintiff were more properly considered part of the attorney's fee award. The plaintiff failed to seek recovery of these expenses as part of the attorney's fee award; the *Allen* court, however, did not hold the particular expenses could not have been awarded in addition to the attorney's hourly rate had the issue been raised in the earlier proceeding when the amount of attorney's fee award was determined.

The opinion in *Allen* relies heavily on *Heiar v. Crawford County*, 746 F.2d 1190 (7th Cir.1984). In *Heiar*, the court noted "a lawyer's billing rate includes expenses that are indistinguishable from those that lawyers usually bill separately under the heading of disbursements or expenses rather than attorney's fees proper." *Id.* at 1203–04. The court in *Heiar* went on to hold that there was no reason to allow recovery of those "expenses" which are included in the attorney's billing rate as overhead, and to exclude those similar "expenses" which are traditionally billed separately. *Id.*[8] This Court finds that under the RICO statute, the attorney's fee award should include, *in addition to* the attorney's billed hours, those expenses for which the attorneys generally bill the client separately. The Court also notes that the $90.00 per hour attorney's fee requested by the plaintiff is sufficiently low that it does not incorporate all out-of-pocket expenses as overhead.

Long distance phone calls may be recovered in addition to the attorney's hourly fee. *See Associated Builders*, 919 F.2d at 380. The plaintiff's claim for $26.22 in long distance phone charges is reasonable in this case. Photocopying costs are also recoverable as part of an attorney's fees award. *Id.* The Court notes that some, although not all, of the copying costs are recoverable as statutory costs pursuant to 28 U.S.C. § 1920(4).[9] The plaintiff's claim

---

**8.** *See Henry v. Webermeier*, 738 F.2d 188 (7th Cir.1984):

> The line between fees and expenses is arbitrary. A lawyer's hourly billing rate includes many overhead expenses such as local telephone calls. It is impossible to believe that Congress [in 42 U.S.C. § 1988] would have wanted prevailing parties to get back their lawyers' local telephone expenses (invariably included in the hourly fee) but not their long-distance expenses (invariably billed separately); or to get back their secretarial expenses—

which are included in overhead and therefore billed as part of the lawyer's hourly rate rather than separately—but not the expenses of word processing often billed separately to the client.

*Id.* at 192.

**9.** 28 U.S.C. § 1920(4) provides that the Court may tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case."

for copies totals $1983.10,[10] plus additional charges from Kinkos of $597.23, copies of court documents for $64.50, and copies of medical records for $192.44. Despite the volume of material submitted to the Court throughout the course of these proceedings, the Court finds these amounts excessive.[11] The Court shall reduce the total award for photocopying expenses by $500.00.

Other expenses which are recoverable apart from statutory costs or the attorney's billing rate include postage, travel, and expert witnesses. *Heiar*, 746 F.2d at 1203. The plaintiff's claim for $235.40 in postage is a reasonable amount. Delivery services, which are similar to postage expenses, in the amount of $60.75 are also reasonable. Expert witness fees may be recovered in the amount of $6,628.00.[12] *See also Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983). The Court also allows the plaintiff to recover as part of the attorney's fee $1,242.51 in hotel expenses for an investigator. Witness fees are recoverable as an item of statutory costs under 28 U.S.C. § 1920(3). The Court shall award plaintiff's requested witness fees in the amount of $1485.00.

■ Among the costs billed separately by the plaintiff are charges for such items as chalk, erasers and other office supplies.[13] The Court finds that these items should be included in the attorney's hourly rate as overhead. The Court disallows $188.88 claimed for costs of such items. The Court also disallows as overhead, charges for parking in the amount of $4.25, and various charges totaling $74.72 for

which Hertz has provided insufficient documentation.[14]

■ The plaintiff also seeks recovery of expenses for process servers in the amount of $1176.26, costs of a video-taped deposition and replay of the deposition at trial in the amount of $648.60, and various other expenses amounting to $917.36; given the length and complexity of these proceedings, the Court does not find that these amounts are unreasonable.

The plaintiff claims of $15,525.22 in "costs," are thus reduced by $767.85, for a total award for attorney's fees/expenses of $14,757.37. The total award for attorney's fees/billed hours amounts to $82,984.50. Thus, the total amount of attorney's fees and costs to be awarded to the plaintiff amounts to $97,741.87.

Accordingly,

IT IS ORDERED that (1) judgment be entered in favor of the plaintiff Hertz Corporation and against the defendants, Ernest Lee Caulfield and Alfred Miller, for attorney's fees and costs in the amount of $97,741.87.

(2) the hearing on the plaintiff and defendant's oppositions to the Magistrate Judge's Report and Recommendations set for April 8, 1992 is CANCELED.

---

10. For two of the billing periods, the plaintiff listed postage and copies as a single line item. *See* Plaintiff's Application, Ex. B p. 2, postage & copies—$37.15; Ex. C. p. 5, postage & copies—$144.05. The Court allocated those amounts as follows: Postage—$90.60, Copies—$90.60.

11. At a reasonable rate of 15 cents per page, these figures would represent nearly 19,000 copies.

12. *See* Plaintiff's Application Ex. I p. 23; this amount also includes $190.00 in disbursements to Emile Messina, who is listed in the Pre-trial

Order as an expert in automobile body and fender repair. *See* Plaintiff's Application Ex. D p. 9, Ex. H p. 20.

13. *See* Application ex. H pp. 19–20, Bennett's Camera & Video # 3330—$1.21; Hansell–Petiten # 3369—$32.89; Dixie Art Supplies—$7.52; Pel Hughes Printing # 3390—$135.18 and # 3432— $12.08.

14. *See* Plaintiff's Application Ex. H p. 19, Campaign Finance Office $8.75; Ex. H p. 20, Phillips and Associates Investments $30.00; Ex. I p. 23, Litigation Reprographics $35.97.