John **PRESSGROVE**, Jr., and United States Fidelity & Guaranty Co., Plaintiffs,

v.

William D. **KUNTZ**, Defendant.

No. DC 706–S.

United States District Court,
N. D. Mississippi,
Delta Division.

April 29, 1971.

Philip Mansour, of Mansour & Kilpatrick, Greenville, Miss., Roy D. Campbell, Jr., of Campbell, DeLong, Keady & Robertson, Greenville, Miss., for plaintiffs.

James Robertshaw and J. Murray Akers, of Robertshaw, Merideth & Swank, Greenville, Miss., for defendant.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the court on defendant's motion to review the costs as

taxed against defendant by the clerk of the court. The action was at law and jurisdiction was based on diversity of citizenship.

Plaintiff,[1] a member of the Mississippi Highway Patrol, was injured in an automobile accident which occurred in the City of Fayette, Mississippi, on July 6, 1969, when an automobile driven by defendant collided with the rear-end of plaintiff's automobile, after plaintiff had stopped his vehicle in the highway at an intersection of streets in compliance with an electric traffic signal.

Defendant filed an answer herein in which he admitted liability for the collision and placed in issue only the extent of plaintiff's injuries.

At the jury trial of the action in Clarksdale, Mississippi, Sam R. Ivy, Chief of the Identification Division of Highway Patrol, and Highway Patrolmen Steve Henderson and T. B. Bullen testified as witnesses with regard to the extent of injuries and pecuniary loss sustained by plaintiff, as the result of the collision of the automobiles.

Plaintiff recovered the sum of $5,000. A judgment was entered by the court for that amount and costs of the action.

Pursuant to Rule 54, Fed.R.Civ.P., the costs were taxed by the clerk and per diem and mileage were included for the above named witnesses, members of the Mississippi State Highway Patrol.

Defendant has filed a motion requesting a review of the costs as taxed by the clerk, objecting to the allowance of witness fees and mileage to the above named witnesses. The objection is bottomed on Mississippi law.

The Highway Patrol legislation is contained in Title 30, Ch. 2, Div. 3, Miss. Code 1942, Ann. § 8076, et seq. (Rec. 1956). The Act is cited as the "Highway Safety Patrol and Driver's License Act of 1938". The Legislature in 1944,

Ch. 330, § 2, Laws of 1944, enacted the following statutory provision: "No member of the highway patrol shall ever draw any fee as a witness in any court held in the state of Mississippi, either state or federal Court."[2]

The Legislature in 1964 (Ch. 324, Laws of 1964) materially increased and extended the powers and duties of the patrol. Included within this Act, in the amendment of Miss.Code 1942, Ann. § 8082 (Rec. 1956), the Legislature included the following provision:

"Patrolmen shall have no interest in any costs in the prosecution of any case through any court; or [sic] shall any patrolman receive any fee as a witness in any court held in this State, whether a State or Federal Court."

Defendant argues that this legislation has established a substantial policy of the state to deny members of its Highway Patrol the right to accept witness fees in any State or Federal Court.

Rule 54(d), Fed.R.Civ.P. provides in part:

"Costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *. Costs may be taxed by the clerk on one day's notice. On motions served within five days thereafter the action of the clerk may be reviewed by the court."

Title 28 U.S.C.A. § 1920, provides in part:

"A judge or clerk of any court of the United States may tax as costs the following:

3) Fees and disbursements for printing and witnesses;"

Title 28, U.S.C.A. § 1821, provides in part:

"A witness attending in any court of the United States, * * * shall

---

1. There are two plaintiffs in this action. The use of the word "plaintiff" herein designates plaintiff Pressgrove.

2. Miss.Code 1942, Ann. § 8082–01 (Rec. 1956).

**232**

receive $20 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 10 cents per mile for going from and returning to his place of residence."

■ It is settled beyond question that the award of costs in cases pending in the United States District Courts is governed solely by federal law and rests, to a great extent, in the discretion of the court. 3 Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1958) § 1195.

Defendant contends that it is the custom of Federal Courts to conform to State law in the allowance of costs, in the absence of an express provision in an Act of Congress as to the particular cost item involved, citing Brown v. Consolidated Fisheries Company, 18 F.R.D. 433 (U.S.D.C.Del. Dec. 1955).

In the case sub judice there is, however, an Act of Congress providing for the payment of per diem and mileage to "A witness attending in any court of the United States".

The Mississippi Supreme Court has not construed the statutory provisions quoted above. The only guidance available to the court comes from the language set forth in the statutes.

■ The court concludes that the statutory prohibition against the receipt of witness fees by members of the highway patrol applies only in cases where the patrolman is called to testify with regard to evidence obtained in the performance of his duties with reference to law violations or kindred matters.

It is inconceivable that the prohibition would extend to patrolmen subpoenaed to give evidence in matters unrelated to the duties of their office.

The case sub judice did not create an issue as to the liability of defendant. The sole issue presented was the extent of the injuries sustained by plaintiff and the amount of damages he was entitled to recover. The attendance of the members of the Highway Patrol as witnesses in the action related to this issue and not to the violation of any traffic law or act of negligence on the part of defendant.

The defendant alleges in his motion, on information and belief, that Sam R. Ivy and T. B. Bullen traveled from Jackson and Fayette, respectively, to Clarksdale, in automobiles owned by the Mississippi Highway Patrol, incurring no personal expense in attending court.

■ Section 1821, *supra*, does not require that a witness must personally incur travel expense before he is entitled to be paid the mileage for which provision is made in the statute.

■ The court is of the opinion that defendant's Motion to Strike from the cost-bill, as prepared by the clerk, the items therein contained applicable to the per diem and mileage for the witnesses, Sam R. Ivy, Steve Henderson and T. B. Bullen, is not well taken and should be overruled.

The court will enter an order accordingly.