**Forest Henry SHIPES, et al., Plaintiffs,**

**v.**

**TRINITY INDUSTRIES, INC.,**
**Defendant.**

**Civ. A. No. TY–80–462–CA.**

United States District Court,
E.D. Texas,
Tyler Division.

Dec. 7, 1987.

Larry R. Daves, Daves & McCabe, Tyler, Tex., Nell Hahn, Austin, Tex., for plaintiffs.

Robert E. Rader, Jr., George A. Harper, Ennis, Tex., for defendant.

ORDER

JUSTICE, Chief Judge.

In an order signed on July 15, 1987, the court deferred decision on the award of most of the prevailing plaintiffs' requested costs in this action. A part of these outstanding costs represent payments made to the plaintiffs' statistical specialists. (Some of these specialists had two roles; they both analyzed a large volume of data, and testified about their findings as expert witnesses at trial.) Beside remuneration to these specialists, fees for lay witnesses have not been taxed yet.

This order addresses only the taxability of trial attendance fees for plaintiffs' lay and expert witnesses. In general, Fed.R. Civ.P. 54(d) gives the trial court the discretion to award costs to a prevailing party "[e]xcept when express provision therefore is made in ... a statute of the United

States." The federal witness-fee and cost-shifting statutes plainly govern and limit this discretion. Among the costs authorized by the cost-shifting statute are "fees and disbursements for ... witnesses." 28 U.S.C. § 1920(3). However, where the witness is not a *court-appointed* expert, *cf.* 28 U.S.C. § 1920(6), the witness-fee statute controls, and it specifies the maximum rate at which a witness can be paid for his "attendance at any court of the United States." 28 U.S.C. § 1821(a). That rate is $30.00 "for each day's attendance." 28 U.S.C. § 1821(b). Thus, every trial witness —expert or layperson—called by the prevailing party is entitled to only $30.00 per day, and a losing party may not be taxed at a higher rate for the witness' attendance. *International Woodworkers of America v. Champion International Corporation,* 790 F.2d 1174 (5th Cir.1986) (en banc), *aff'd sub nom. Crawford Fitting Company v. J.T. Gibbons, Inc.,* —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).[1]

Accordingly, in addition to the normal charges for travel, mileage, and subsistance authorized by 28 U.S.C. § 1821, the plaintiffs shall be awarded, as part of their taxable costs, attendance fees at a $30.00–per–day rate for all witnesses. These costs are itemized and totalled as follow:

| | |
|---|---|
| **HOMER PILOT** | |
| attendance fee (three days) | $ 90.00 |
| **HOBART NELSON** | |
| attendance fee (three days) | $ 90.00 |
| **HERMAN PARKER** | |
| attendance fee (one day) | $ 30.00 |
| travel + mileage | 50.00 |
| **LEANDER BLAIR** | |
| attendance fee (one day) | $ 30.00 |
| **ARTHUR HOLLIE** | |
| attendance fee (one day) | $ 30.00 |
| **JOHN McCLURE** | |
| attendance fee (one day) | $ 30.00 |
| **TOMMIE WILLIAMS** | |
| attendance fee (one day) | $ 30.00 |
| **RAY CHARLES BOSTON** | |
| attendance fee (two days) | $ 60.00 |
| **WILLIE JONES** | |
| attendance fee (one day) | $ 30.00 |
| **FRANK HARVEY** | |
| attendance fee (one day) | $ 30.00 |
| **ANDREW SCOTT** | |
| attendance fee (one day) | $ 30.00 |
| **ALBERT SUBLETT** | |
| attendance fee (one day) | $ 30.00 |
| **GREG JONES** | |
| attendance fee (one day) | $ 30.00 |
| **LOUIS PATTERSON** | |
| attendance fee, trial (one day) | $ 30.00 |
| travel + mileage, trial | 20.00 |
| attendance fee, deposition (one day) | 30.00 |
| travel, deposition | 15.50 |
| **MARK BICKHARD** | |
| attendance fee (three days) | $ 90.00 |
| travel + mileage | 417.00 |
| subsistance | 153.59 |
| **WILLIAM HOWELL** | |
| attendance fee (one day) | $ 30.00 |
| travel + mileage | 208.00 |
| **GARY LUNDQUEST** | |
| attendance fee (one day) | $ 30.00 |
| **TOTAL** | **$1,614.09** |

Accordingly, it is

ADJUDGED that the defendant Trinity Industries, Inc., pay plaintiffs' attorneys the sum of $1,614.09 to reflect additional partial expenses incurred in this action, and that interest on this additional award shall be calculated from July 15, 1987, the date on which the court's order awarding other partial expenses was filed.

---

1. *Crawford Fitting* and *International Woodworkers* clearly direct that the district court strictly adhere to the language of 28 U.S.C. § 1821, which governs witness fees for "attendance at" court, when taxing fees for expert testimony. More problematic, however, is the status of out-of-court work. A subsequent opinion will take up the issue of whether the cost of pretrial work performed by the plaintiffs' statistical specialists—including those who later became expert witnesses at trial—is taxable against the defendant in this action under 42 U.S.C. § 1988 or 42 U.S.C. § 2000e–5(k).