Lincoln TANG HOW d/b/a Tang How Brothers, General Contractors, Plaintiffs,

v.

EDWARD J. GERRITS, INC., Defendant.

No. 88–1528 CIV.

United States District Court, S.D. Florida.

Jan. 22, 1991.

John H. Gregory, Welbaum, Zook & Jones, Coral Gables, Fla., for Edward J. Gerrits, Inc.

George W. Cannon Jr., Ross & Cannon, Frederiksted, St. Croix, U.S.V.I., Jesse J. McCrary Jr., McCrary & Self, Miami, Fla., for Lincoln Tang How.

## ORDER AWARDING FEES AND COSTS

EDWARD B. DAVIS, District Judge.

This matter is before the court on the Report and Recommendation by the Honorable Peter R. Palermo, United States Magistrate, on the issue of attorney's fees and costs (dated Dec. 3, 1990). Defendant has submitted written objections (filed Dec. 12, 1990).

After an independent review of the file, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation by the Honorable Peter R. Palermo, United States Magistrate, on the issue of attorney's fees and costs (dated Dec. 3, 1990) be ADOPTED as the order of the court.

Plaintiff is hereby awarded the sum of *$48,773.00* in attorneys fees and the sum of *$5,463.30* in taxable costs.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

PETER R. PALERMO, United States Magistrate Judge.

THIS MATTER comes before the court on the issue of attorneys fees. This case was referred to United States Magistrate Peter R. Palermo by United States District Judge Edward B. Davis for a hearing to be held and a report and recommendation to be issued on the issues presented. *See* 28 U.S.C. § 636(b) (1988).

### FACTUAL BACKGROUND

The Honorable Edward B. Davis referred this case specifically for oral argument on the issue of attorneys fees. Plaintiff initially filed the action in St. Croix but the federal district court there, citing a forum selection clause in the contract, transferred it to the Southern District of Florida.

The Plaintiff in his Complaint pled the alternative theories of contract and quantum meruit. After the presentation of the evidence by the Plaintiff, Judge Davis informed him he would have to select on which of the two theories he intended to

proceed. Plaintiff selected the quantum meruit claim. Notwithstanding this selection, the jury found that Defendant Edward J. Gerrits, Inc., breached its oral or written contracts with Plaintiff Lincoln Tang How d/b/a Tang How Brothers, General Contractors, and that the reasonable value of the work performed was $147,098.00. The jury also found that the Plaintiff Lincoln Tang How d/b/a Tang How Brothers, General Contractors, breached its oral or written contract with Defendant Edward J. Gerrits, Inc., and therefore the Defendant was entitled to recover $25,000.00 as the amount spent to correct and complete the work which Plaintiff failed to complete under its contract. The contract involved the construction of the St. Croix Junior High School in the Virgin Islands. Subsequently, the plaintiff submitted motions and affidavits requesting a total of $57,096.50 in attorney's fees and $41,678.69 in costs.

Defendant now asserts that because Plaintiff at trial selected the quantum meruit theory and not the contract theory, Plaintiff "abandoned" the contract and thus cannot now seek attorney's fees under the contract.

The Jury Verdict Form contains the following questions:

*Question 1*

Do you find that EDWARD J. GERRITS, INC. breached its oral or written contracts with TANG HOW BROTHERS?

*Question 2*

If your answer to Question 1 is "yes," then answer the following: What was the reasonable value of the work performed by TANG HOW BROTHERS, in a sound and workmanlike manner?

*Question 3*

Do you find that TANG HOW BROTHERS breached its oral or written contracts with EDWARD J. GERRITS. INC.?

*Question 4*

If your answer to Question 3 is "yes," then answer the following: How much money did EDWARD J. GERRITS, INC. spend to correct and complete the work which TANG HOW BROTHERS failed to complete as it was obligated to do?

. . . .

*See* Verdict Form, D.E. # 137.

Defendant, during oral argument on September 20, 1990 on the attorney's fees issue, took the position that the language in the Verdict Form pertaining to contracts was included because Defendant's cross-claim sounded in contract. However, that does not explain why the language in Question # 1, which specifically pertains to Plaintiff's cause of action against Defendant, also reflects language sounding in contract. Plaintiff's counsel, George W. Cannon, Jr., Esq., who testified before this court, did not dispute the fact that the Honorable Judge Davis requested the Plaintiff to choose a theory to proceed under, and the Plaintiff chose quantum meruit.

At the hearing on September 20, 1990, Defendant presented an expert witness, David Popper, Esq., to testify as to the amount of fees that are awardable in this type of action. Plaintiff was presented with, and availed himself of, the opportunity of cross-examination.

## ANALYSIS

### A. PROPRIETY OF ATTORNEY'S FEES

■ Judge Davis in an order dated August 8, 1989, wrote:

Plaintiff asserts that re-transfer to the District Court of the Virgin Islands is proper, asserting for the first time that the contract and its forum selection clause are void. This contention completely contradicts Plaintiff's action throughout this litigation. In its Complaint, Plaintiff sought relief under the contract and admitted in paragraph 6 of its Answer to Defendant's Counterclaim that a written contract existed between Defendant and Plaintiff. Plaintiff fur-

ther alleged in its affirmative defense to the Counterclaim that the contract was breached by Defendant. Finally, in Plaintiff's Answers to Defendant's First Set of Interrogatories, Plaintiff admitted to seeking recovery under the written contract between Plaintiff and Defendant, and the amount thereof. Thus, in all of Plaintiff's pleadings, it continually specified that it was seeking relief under the contract. The law is clear that "A party is bound by the admissions in his pleadings, and.... [admissions] are facts established not only beyond the power of evidence to prove them, but beyond the need of evidence to controvert them." *Best Canvas Products and Supply, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir.1983).

This language in part indicates an understanding at that point, that the contractual provisions prevailed. But this does not clarify what the consequences are of later choosing to proceed on an alternative theory.

As far as this issue is concerned, only one case was cited, and that was by Defendant. Plaintiff had cited this case earlier when it chose to proceed under a quantum meruit theory. The case, *Pan American Realty Trust vs. Twenty–One Kings, Inc.*, 6 V.I. 332, 345 (1968), was cited by Judge Davis, in his February 20, 1990 order, permitting Plaintiff the right to allege quantum meruit where a valid contract exists. While acknowledging that this case applies to the issue of whether Plaintiff could rely on alternative theories no one cites it to directly support the attorney fees issue.

There are ambiguities in the record that are difficult to reconcile. During oral argument on this issue the Defendant argued vigorously that Mr. Cannon, on behalf of

this client, chose quantum meruit and thus waived his right to attorney's fees. As indicated, Mr. Cannon has admitted that Judge Davis asked him to choose a theory and he did so. Despite the fact that Mr. Cannon chose to proceed under the theory of quantum meruit, the record is clear that evidence on the breach of contract claim was offered to the jury and the jury instructions address breach of contract as well as quantum meruit. *See* Jury Instructions, D.E. #137. Additionally, Judge Davis issued an order denying defendant's Motion for Judgment Notwithstanding the Verdict, which contains language consistent with this court's interpretation of the basis for the jury's decision[1].

The contract clearly entitles the prevailing party in a lawsuit under the contract to recover reasonable attorney's fees and costs. *See* D.E. #3, at 20 para. 10.2[2]. Thus, this court finds that Plaintiff is entitled to an award of attorney's fees.

## B. AMOUNT OF FEE

██ Since the court has come to the conclusion that the plaintiff's counsel is entitled to a fee, it must now assess whether or not the amount Plaintiff requested is reasonable. In order for the court to arrive at an objective estimate of the value of an attorney's services, the amount of reasonable hours spent on the case must be multiplied by a reasonable hourly rate. This method of calculation has been labeled the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Recently, the Eleventh Circuit adopted this method as its procedure for calculating a reasonable fee. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th

---

1. In pertinent parts the order states:
 [d]efendant has moved this court for a judgment notwithstanding the verdict and/or new trial on the grounds that Plaintiff failed to show by substantial evidence that Defendant breached its contract ... and that the jury's damages award was not supported by substantial evidence....
 .... Contrary to Gerrits' reading of the jury instruction, the jury was not obligated to award Gerrits [sum omitted] if it found that Tang How breached; the jury awarded that amount it calculated was attributable to Tang

How's breach, consistent with the instruction....
*See* Order Denying Motion for Judgment Notwithstanding the Verdict And/Or Motion for New Trial and Motion for New Trial, D.E. 163, at 1–2.

2. Paragraph 10.2 states in its entirety: "[i]n case suit shall successfully be brought by either party to enforce any of the terms hereof, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs from the other party."

Cir.1988). The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skill, experience and reputation. *See Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Mr. Cannon has submitted an affidavit claiming one hundred and seventy-five (175.00) dollars per hour for work conducted in court and one hundred and fifty (150.00) dollars per hour for work conducted out of court. *See* Motion For Cost And Attorney's Fees, D.E. #144[3]. Mr. Popper, called as defendant's expert witness, testified that one hundred (100.00) to one hundred and twenty-five (125.00) dollars per hour was the standard fee in this community for this type of action. Taking this into account, the court in its experience finds that an award of one hundred and twenty-five (125.00) dollars per hour for out of court work and one hundred and fifty (150.00) dollars per hour for trial work is reasonable for this type of action. Therefore, these figures shall govern this analysis.

When using the lodestar method, the next step in the computation is to ascertain whether or not the hours expended are reasonable. In this case, the hours spent are clearly excessive. The Supreme Court has mandated that excessive, redundant or otherwise unnecessary hours should be excluded from any amount claimed. *See Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939. Under *Norman*, 836 F.2d at 1301, the court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary.

■ After a careful review of the affidavits[4] regarding attorney's fees and the motion[5] submitted by the Defendant, the pertinent response and reply, and the expert testimony and oral arguments, the court finds that certain hours and items listed by the Plaintiff are excessive or unnecessary. During oral argument on these matters,

the Defendant's expert witness, Mr. Popper took issue with various items in the affidavits submitted by Plaintiff. In particular, there was testimony as to the conferences which took place between Mr. Cannon, counsel for Plaintiff and a Mr. Mike Oxner. Mr. Oxner was a construction expert who did not testify at trial. The fees charged in the affidavit however are not charging for Mr. Oxner's time but instead reflect the time spent by Mr. Cannon and are thus proper. *See e.g.*, D.E. #144, items #42, 43, 47, and 48. Defendant also pointed out that Plaintiff prepared a motion to appear *pro hac vice* in this federal district, and he billed that particular item to this case. Defendant argues that it should not be responsible for the fact that the attorney that was hired did not possess the authority to practice in this district. The fee for preparing that motion however will be allowed as it conveys no particular benefit to the Plaintiff other than in this case.

■ During the hearing this court conducted on September 20, 1990, Mr. Cannon was sworn in to testify as to his affidavits. He was questioned about item #46 on his affidavit which delineates that he drafted expert interrogatories on December 1, 1988. During this testimony Mr. Cannon stated that he simply copied the interrogatories from ones he had previously acquired and that he billed for the time it would have taken him to draft them from scratch. The Plaintiff cannot bill for time he might have spent performing work, but only for time actually utilized. Therefore, he will not be awarded fees for preparing the interrogatories. *See* D.E. #144, item #46.

Defendant also takes issue with the fact that Mr. Cannon, once he arrived in Miami from St. Croix and the trial began, spent 5 and 6 hours a day preparing for the next day of trial even on days he spent 8 hours in trial. Therefore, on those particular

---

**3.** Item #17 contains no time factor or dollar amount and thus its validity cannot be assessed by the court.

**4.** *See* Motion for Cost and Attorney's Fees attached Affidavit In Re: Attorney's Fees and Costs, D.E. #144, file dated April 25, 1990 and

Affidavit In Re: Attorney's Fees and Costs, D.E. #170, file dated September 13, 1990.

**5.** *See* Edward J. Gerrits, Inc.'s Motion to Strike Plaintiff's Motion for Attorney's Fees and Costs, D.E. #149, file dated May 4, 1990.

days Mr. Cannon billed for 13 and 14 hours. *See e.g.,* D.E. 144, items 136–143.

Defendant and Defendant's expert witness, Mr. Popper, opined that when Mr. Cannon arrived in Miami he should have been prepared to try the case. This logic however does not take into account those unexpected occurrences that one has to adjust for during the course of a trial. Nevertheless, the amount of time spent is clearly excessive. Therefore of the total time of 41 out of court hours the Plaintiff spent in preparation while the trial was in progress this court will allow recovery for 31 of those hours.

Therefore, taking the total number of hours the court has allowed for hours expended out of court, 311.00, and multiplying that by the reasonable hourly rate of $125.00 per hour, the allowable amount of fees totals $38,875.00. Further taking the total number of hours of trial work, 58.50, and multiplying that by the reasonable hourly rate of $150.00 per hour, the total amount of fees equal $8,775.00. This brings the sum of the attorney's fees to $47,650.00.

## C. COSTS

Plaintiff requests $41,678.69 in costs. Conversely, Defendant counters that the Plaintiff is only entitled to $45.00. *See* Motion to Strike, D.E. # 149, at 5.

■ Plaintiff has argued both in his memorandum and at oral argument that with regard to the issue of costs, Title 5 of the Virgin Island Code § 541 should apply. *See* Plaintiff's Reply to Defendant's Motion to Strike Plaintiff's Motion for Attorney's Fees and Costs, D.E. # 152. Title 5 of the Virgin Island Code is procedural in nature. *See Dr. Bernard Heller Foundation v. Lee,* 847 F.2d 83 (3d Cir.1988). Thus the application of federal law governs the issue of the recoverability of trial costs in federal court. *See* 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d). This court is only bound by federal procedural law not the law of the local jurisdiction. *See Pressgrove v. Kuntz,* 52 F.R.D. 230 (N.D.Miss.1971).

■ Defendant argues that costs incurred in mailing and sending documents are not recoverable costs. No case law is cited to support this contention. *See* Motion to Strike, D.E. # 149, at 3. Plaintiff lists $479.70 in "Express mail" costs. On one occasion Express Mail was used twice in the same day to deliver documents to the Clerk of this court. *See* D.E. # 144, items # 230, 232. While some cases have allowed postage to be taxed as a cost, those cases did not contemplate the routine use of seaplanes and Express Mail to be used to deliver documents. *See generally, Dowell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir.1983); *Miller v. Carson,* 628 F.2d 346, 349 (5th Cir.1980); *Allen v. Freeman,* 122 F.R.D. 589, 591 (S.D.Fla.1988). When necessary, express mail services have been allowed, but in this case this court would be hard pressed to decide which of the 45 times Express Mail and seaplane delivery used were necessary. *See Conner v. Winter,* 519 F.Supp. 1337, 1345–1346 (S.D.Miss. 1981). *But see Loewen v. Turnipseed,* 505 F.Supp. 512, 517–519 (N.D.Miss.1980). Similarly, the costs of the use of a facsimile machine are not recoverable. *See Desisto College, Inc. v. Town of Howey–In–The–Hills,* 718 F.Supp. 906, 914 (M.D.Fla.1989).

■ Defendant next argues that process servers fees are not recoverable. *Citing Viacao Aerea Sao Paulo, S.A. v. Int'l Lease Finance Corp.,* 119 F.R.D. 435 (C.D. Cal.1988). Cases decided in this district have allowed such expenses to be taxed as permissible costs. *See e.g., Am. United Life Ins. v. Am. United Ins.,* 731 F.Supp. 480, 489 (S.D.Fla.1990); *Allen,* 122 F.R.D. at 592; 28 U.S.C. § 1920(1) (1988).

■ Defendant also contends that a party is not entitled to recover costs for depositions taken when those depositions are not used at trial. The standard for determining such is whether the depositions "were 'necessarily obtained for use in the case.'" *Smith v. United Airlines Inc.,* 1990 WL 62170, *2 (D.Kan.1990) (text in Westlaw), *citing Miller v. City of Mission, Kan.,* 516 F.Supp. 1333, 1340 (D.Kan.1981). The court must therefore determine whether the taking of those depositions appeared

reasonable at the time they were taken. *See Smith*, 1990 WL at *2. Using this criteria, Plaintiff will be allowed to recover for items # 180, 206–207, 214 and 253. *See* D.E. # 144.

 Plaintiff has requested costs for travel expenses and expenses connected with meetings with lay witnesses. These costs are not taxable. *See Johnson v. Hubbard*, 698 F.2d 286, 291 n. 5 (6th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). Likewise, expert witness fees are not taxable beyond the statutory per diem limit of $30.00 per day. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Kivi v. Nationwide Mutual Ins.*, 695 F.2d 1285, 1289 (11th Cir.1983); 28 U.S.C. § 1821(b) (1988). Therefore, expert witness fees will be allowed at the per diem rate of $30.00 for the individual who testified as an expert, John Raffa. *See* D.E. # 144, items # 195, 274. Further, Plaintiff seeks to tax as costs fees to non-witness experts. Recovery will not be allowed for non-testifying expert witnesses. *See Denny v. Westfield State College*, 880 F.2d 1465, 1472 (1st Cir.1989). *But see U.S. v. Yonkers Board of Educ.*, 118 F.R.D. 326 (S.D.N.Y.1987); *Shipes v. Trinity Industries, Inc.*, 685 F.Supp. 611 (E.D.Tex.1987).

 Defendant argues that Mr. Cannon cannot bill co-counsel's time, Jesse McCrary of McCrary & Self, hired in Miami by Mr. Cannon's law firm. Mr. Popper testified that in his opinion, both attorneys cannot bill for being present while a jury is selected. Mr. Cannon argued, and during his cross examination of Mr. Popper stressed, that he thought Mr. McCrary would be more familiar with the type of jury that Miami had to offer, that is why Mr. McCrary was involved in the proceedings the first day of trial. This court agrees that the fees charged by Mr. McCrary were reasonable, however, recovery for these fees should be sought within the ambit of attorney's fees not costs. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d

209, 217 (7th Cir.1975). Also, fees should only be recovered by co-counsel for work actually done, therefore, a retainer is not recoverable in this instance. *See* D.E. # 144, item # 156. Recovery for Mr. McCrary's attorney's fees in the amount of $1,123.00, shall be allowed and added to the aggregate amount of attorney's fees [6]. Conversely, Mr. Cannon cannot bill as a cost, research done by an assistant. *See* D.E. # 170, item # 19. *See also Allen v. U.S. Steel Corp.*, 665 F.2d 689 (5th Cir. 1982).

 Absent extraordinary or compelling circumstances, travel of attorneys is generally not a taxable cost. *See George R. Hall, Inc. v. Superior Trucking Co., Inc.*, 532 F.Supp. 985, 995 (N.D.Ga.1982), *citing Wahl*, 511 F.2d 209, 217. When Mr. Cannon agreed to represent his client he knew, because of the forum selection clause in the contract, that a fair amount of traveling would be necessary. Therefore, there are no extraordinary or compelling circumstances present in the instant case.

Lastly, the Defendant argues that Plaintiff should not be allowed recovery of costs incurred by Plaintiff for copying documents in excess of $800.00. *See* D.E. # 144, items # 200, 202, 210 and 281. After a careful review of the record this court will allow recovery for 4,000 pages at a rate of 10 cents per page. *See Florida Pawnbrokers and Secondhand Dealers Ass'n. Inc. v. City of Fort Lauderdale, Fla.*, 711 F.Supp. 1084 (S.D.Fla.1989). Based on the foregoing, it is hereby

RECOMMENDED that the Plaintiff be awarded the total sum of $48,773.00 in attorney's fees. It is further

RECOMMENDED that the Plaintiff be awarded the sum of $5,463.30 in taxable costs.

Pursuant to Local Magistrate Rule 4(b), the parties to this action shall have ten (10) days from the date of receipt of this report

---

6. The affidavit indicates a entry stating "January 30, 1989—McCrary & Self" and shows a cost of $161.25 for that item. It does not however, give any manifestation as to why this sum was billed. *See* D.E. # 144, item # 181.

to file their objections with United States District Judge Edward B. Davis.