991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian M. BARTLEY, Plaintiff-Appellant,
v.
Richard A. HANDELSMAN & Handelsman Venture Group,
Defendants-Appellees.
 Nos. 91-2201, 92-1429.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1993.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 I.
 
 1
 Brian Bartley brought suit against Richard Handelsman and an investment group headed by Handelsman alleging that Bartley, Handelsman and another man had, over breakfast and without written contract, formed a joint venture to seek out and fund promising oil and gas investments. Bartley's claimed role was to do the legwork, researching potential sites and making any necessary arrangements with owners to obtain leases, set up drilling contracts, and the like. Handelsman apparently would supply the money. Bartley maintained in his original complaint that for his efforts, Handelsman promised him a "ten percent carried interest" in any and all oil and gas prospects that made money; since he would be contributing only his labor and expertise to the joint venture, he would not be liable for any costs or losses the adventurers sustained. The District Court granted the Handelsman defendants' motion for summary judgment, holding that under Michigan law, all joint adventurers had to share in the costs and losses as well as the profits to make out a legal joint venture. We affirm.
 
 II.
 
 2
 The Court of Appeals reviews grants of summary judgment motions de novo. In reviewing a summary judgment disposition, the Court of Appeals must determine whether the party opposing the motion has put forth evidence which, if produced at trial, would withstand the movant's motion for a directed verdict. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989) (citing Anderson v. Liberty Lobby, 477 U.S. 242 (1986) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Of course, the movant must initially show the absence of a genuine issue of material fact. Street, 886 F.2d at 1479 (citing Celotex, 477 U.S. at 323). A material fact is one which might affect the outcome of the suit. Liberty Lobby, 477 U.S. at 248. However, the court must determine whether the evidence before it on a motion for summary judgment "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Street, 886 F.2d at 1479 (citing Liberty Lobby, 477 U.S. at 252). Bare allegations by the non-moving party will not alone suffice; they must be supported by sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Mitchell v. Toledo Hospital, 964 F.2d 577, 581-82 (6th Cir.1992) (quoting Liberty Lobby, 477 U.S. at 252).
 
 
 3
 The District Court erred in holding that Mr. Bartley could not be a joint adventurer under Michigan law if he had not agreed to bear any of the venture's risk of costs or losses. A Michigan joint venture may reimburse a joint adventurer acting as a prospector for his services by granting him a percentage interest in the prospects he finds; Michigan law considers the prospector to be risking his up-front "investment" of labor and time in the hopes of getting a future payoff from productive wells. See Miles v. Fredenhagen, 309 Mich. 674, 16 N.W.2d 117 (1944).
 
 
 4
 Where the District Court has erred in its grant of summary judgment, the Court of Appeals may nonetheless affirm the grant of summary judgment on other grounds.
 
 
 5
 [A]n appellate court can find an alternative bases for concluding that a party is entitled to summary judgment and ignore any erroneous basis relied upon by the district court, provided it proceeds carefully so the opposing party is not denied an opportunity to respond to the new theory.
 
 
 6
 Hansard v. Barrett, 980 F.2d 1059, 1061 (6th Cir.1992) (quoting Hines v. Joy Manufacturing Co., 850 F.2d 1146, 1150 (6th Cir.1988)). Because we find that Bartley has failed adequately to define or explain the interest he claims in his suit, and since Bartley has had adequate opportunity to brief and argue this issue before this court, we grant summary judgment in favor of the Handelsman defendants on alternative grounds.
 
 
 7
 Mr. Bartley runs into trouble in alleging that the joint venturers promised him a ten percent "carried interest" as his primary compensation for his efforts in identifying and researching promising oil and gas prospects. This promise is a material term of the contract which he alleges, one which would undoubtedly affect the outcome of the suit. Liberty Lobby, 477 U.S. at 248. For that reason, Mr. Bartley must put forth sufficient evidence to show that a jury could find that a meeting of the minds occurred on the promised compensation. Banque de Depots v. National Bank of Detroit, 491 F.2d 753, 756 (6th Cir.1974). Were the allegations clear that the parties agreed to grant Mr. Bartley a ten percent "carried interest," the crucial questions would be whether Mr. Handelsman in fact agreed to such a grant at the breakfast meeting, and what specifically he intended to convey; this question would be for the finder of fact and would be beyond the pale of summary judgment. Guilmet v. Campbell, 385 Mich. 57, 188 N.W.2d 601 (1971). However, when the non-movant's allegations as to the material terms of an oral contract are in themselves vague, and the evidence used to support them unclear and ambiguous, a court may, as a matter of law, hold that no contract can be made out, and keep the matter out of a jury's hands. Kurtz v. Ford Motor Co., 62 F.Supp. 255, 257 (E.D.Mich., S.Div.1945) ("Where ... the integral terms of an oral contract can only be arrived at by an excursion into the realm of conjecture and speculation, the court should not submit to the jury the matter of delineation of such terms.").
 
 
 8
 Neither the evidence Mr. Bartley puts forth nor the law he has argued is consistent in defining what interest the parties allegedly agreed to grant him. Bartley argues that Handelsman knew what interest he was promising, since a "carried interest" is a term of art in the oil and gas world. The latter is true, but the law recognizes many types of carried interests; the term is not self-defining. See generally Eugene Kuntz, A Treatise on the Law of Oil and Gas § 63.4 (1991). Simply claiming a "ten percent carried interest" is akin to claiming a "ten percent property interest"; to keep his suit alive, a plaintiff must define the extent, nature and particularly the value of his claimed interest.
 
 
 9
 In his complaint, Bartley originally described the carried interest upon which he sued as "ten percent of the gross proceeds" of the various successful prospects he had found. When deposed, Bartley did not clearly define the interest he claims the parties agreed that he would receive, except to claim that it was to be a perpetual ten percent interest in the "cash flow" from the successful projects and that he would not be liable for any of the joint venture's costs or losses. In briefing this Court, Bartley argues that his interest pursuant to the alleged contract really boiled down to a "net profit interest." Again, such an interest is cognizable in oil and gas law, see Kuntz, Oil and Gas § 63.5 at 254, but it necessarily entitles the holder only to an interest in the profits, not the revenues, of a drilling venture, id.; by definition, an interest in revenues entitles the holder to more money than does an interest in profits. Also implied in a net profits interest is that the holder bears the costs of production, unlike the holder of a percentage interest in revenues or "gross proceeds." Bartley thus contradicts himself by arguing that the "carried interest" to which he is entitled is at once an interest in revenues, free of liability for costs or losses, and an interest in net profits.
 
 
 10
 In order to withstand summary judgment in this case, Bartley had to present evidence tending to demonstrate that there is a genuine factual dispute about whether there was a meeting of the minds on some particular set of terms of this alleged contract. Instead, what Bartley has shown is that he himself has no clear notion of the nature of the interest that he claims he is entitled to receive under the contract he alleges. Where the plaintiff's claims arise under an alleged oral contract, and the dispute is over whether there was in fact any such oral contract, the plaintiff may survive summary judgment by demonstrating that there is a genuine issue of fact as to whether there was ever a meeting of the minds of the parties in regard to the particular terms of that contract. Where the dispute is over a specific term or terms of that alleged contract, the plaintiff may survive summary judgment by providing evidence tending to demonstrate a genuine issue as to whether the parties agreed to the particular term or terms. But here, Bartley claims that the parties entered into an oral contract pursuant to which Bartley was entitled to an interest, which he vaguely describes in varying and wholly inconsistent terms throughout his pleadings and testimony. He has not provided any evidence whatsoever to define that specific interest. If Bartley himself does not know what his interest was to be, he can hardly be heard to claim that there was a meeting of the minds of the parties as to what his interest was to be. Thus, what Bartley has shown is that there was no meeting of the minds as to that essential term of the alleged contract. And even if Bartley's claim is that there is a genuine dispute as to what that interest was to be, showing a genuine dispute about what was intended simply establishes the fact that there was no meeting of the minds.[1]
 
 
 11
 Bartley thus not only fails to define accurately the legal interest which he claims Mr. Handelsman promised him, and fails to put forth sufficient evidence to support a jury verdict that he was entitled to any specific interest in future prospects developed by the alleged joint venture; he has affirmatively demonstrated that there was no meeting of the minds of the parties on this essential element of the contract which he claims. Where a plaintiff attempting to get past a motion for summary judgment has "fail[ed] to make a showing sufficient to establish the existence of an element essential to [his] case," the case cannot be allowed to proceed. Celotex, 477 U.S. at 323; Collins v. Nagle, 892 F.2d 489, 493 (6th Cir.1989).
 
 III.
 
 12
 Happily for him, the litigation well is not completely dry for Mr. Bartley. The District Court erred in taxing costs against him in the amount of $489.70 for the defendants' Federal Express charges. Courts have held that such charges fall outside the specific provisions of 28 U.S.C. § 1920, although in some instances courts have included them as part of awarded attorney fees. See Miller v. Carson, 628 F.2d 346 (5th Cir.1980); Michigan Carpenters Council Health and Welfare Fund v. Charles Rogers Construction Co., 1988 U.S.Dist. LEXIS 17836 (W.D.Mich.1988); Lincoln Tang How v. Edward J. Gerrits, Inc., 756 F.Supp. 1540 (S.D.Fla.1990), aff'd, 961 F.2d 174 (11th Cir.1992); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D.Mo., E.Div.1985), aff'd, 780 F.2d 20 (8th Cir.1985). The fact that the District Court found them "proper and reasonable" is irrelevant; the clerk or the court may tax only those costs and fees specified in the statute. Thus, this taxation of costs is reversed.[2]
 
 
 13
 On the grounds we have discussed, the order of the District Court granting the defendants' motion for summary judgment and dismissing Bartley's case is therefore AFFIRMED; the taxation of costs against Mr. Bartley for Federal Express expenses is REVERSED.
 
 
 14
 CONTIE, Senior Circuit Judge, dissenting.
 
 
 15
 Brian Bartley seeks a "ten percent carried interest" in Handelsman Venture Group's Ward Lake Drilling investment. Though Handelsman maintains, and my colleagues find, that Bartley "has failed to provide any details about the nature of the payments to which he claims an entitlement," Appellees' Brief at 26, Bartley clearly seeks the same "ten percent carried interest" that he currently receives from Handelsman Venture Group's Trendwell Oil investment:
 
 11% Interest in Trendwell:
 
 16
 R.H. [Richard Handelsman] 50%
 
 
 17
 Jeff [Wolfson] 24%
 
 
 18
 Mike [Oesterle] 16%
 
 
 19
 Brian [Bartley] 10%
 
 
 20
 Handelsman Venture Group's Accounting Ledger (Joint Appendix at 248).
 
 
 21
 Michigan Supreme Court precedent clearly proscribes summary judgment disposition of this action:
 
 
 22
 A genuine issue of fact is created when the affidavits, pleadings, depositions, admissions and documentary evidence, viewed in the light most favorable to the party opposing the motion, might permit inferences contrary to the facts as asserted by the movant. Summary judgment is rarely appropriate where "motive and intent play leading roles."
 
 
 23
 * * *
 
 
 24
 The trial court and the Court of Appeals majority carefully scrutinized the March 11 letter in order to ascertain the parties' intent. We eschew that approach, in part to emphasize that such a factual inquiry should have been made only by a trial court factfinder after consideration of all of the relevant evidence to be produced at trial on the point.
 
 
 25
 Opdyke Inv. Co. v. Norris Grain Co., 413 Mich. 354, 360-62 (1982) (citations omitted).
 
 
 26
 Accordingly, I dissent from the majority's opinion.
 
 
 
 [1]
 The dissent finds in a handwritten note appearing in one corner of a page in a ledger belonging to Handelsman proof of the nature of Bartley's claimed interest sufficient to withstand summary judgment. The evidence does show, and Mr. Handelsman does not dispute, that Bartley did receive a percentage interest in a gas drilling operation from Trendwell Oil, which is an independent company, and has received regular payments from Trendwell. However, showing the existence of this interest does not bring Bartley any closer to showing what interest, if any, Handelsman orally promised him with regard to future prospects. Bartley has not defined the nature of his Trendwell interest; he therefore cannot hold that interest out as showing that Handelsman and he agreed to the "same arrangement" for all future prospects Bartley brought to Handelsman's attention, or as showing that he was a "participant and partner in Handelsman Group," as Bartley claimed at his deposition and in his pleadings. As we have noted, the Supreme Court no longer thinks plaintiffs are entitled to try cases on the basis of a mere "scintilla" of disputed evidence
 
 
 [2]
 Mr. Bartley also argues that he should not have been assessed for the defendants' travel expenses. As Mr. Handelsman points out in his brief, Bartley prevailed on this issue before the District Court, and such costs were not in fact assessed; the issue is therefore moot